EILLERT *et al.* v. CRAPS *et al.*

(*Circuit Court, D. South Carolina.*    January 22, 1891.)

TESTIMONY TAKEN BY COMMISSION—PUBLICATION.
    Where complainant's testimony has all been taken by commission, the evidence will be published before defendant opens his case, with proper precautions that he does not deprive complainant of any advantage he may enjoy by reason of defendant's laches, so that defendant may know whether or not complainant has made out his whole case in chief.

Motion to Open Commissions Under Equity Rule 69.
*E. W. Hughes*, for defendants.
*B. A. Hagood*, for complainants.

SIMONTON, J.    This case has heretofore been referred to a special examiner to take the testimony.    He is engaged in doing this.    It appears that all the testimony of complainant has been taken by· commissions.

These are here. The complainant has refused to consent that they be opened by the clerk. The defendant, being about to open his case, now moves that they be opened and published. He bases his motion upon the ground that necessarily he does not know how complainant has sustained the allegations of his bill, and that he is unable to meet him. The purpose of taking testimony in a cause is to give the opportunity to each party to sustain his own position, and to meet the position of his adversary, if he can, by witnesses. Ordinarily the parties have the right to be present, and to hear the witnesses, and, if thought best, to cross-examine them upon the testimony they give. In exceptional cases, testimony, however, may be taken by commission or deposition. The defendant has the right to compel the complainant to make out his whole case in chief, and complainant in our courts is confined, in his reply, to such testimony only as will reply to that of defendant. Thus the practice conforms to the rule which fairness and justice would prescribe, and the defendant is entitled to know the case of complainant, as made by the evidence. When, however, all the testimony of complainant is taken by commission, the most secret mode of procuring testimony, whose contents cannot be disclosed without perjury, the defendant is not only put at a great disadvantage, but he is deprived of a right. While the court, governed by these considerations, will grant this motion, care will be taken not to permit the defendant to avail himself of it, and deprive the complainant of any advantage he may now enjoy by reason of laches of defendant. It has been suggested that after an order of publication no further testimony can be taken, and *Wood* v. *Mann*, 2 Sum. 317, is cited. It is not necessary to decide this point now. *Non constat* that defendant will produce witnesses, if he does let the testimony be taken subject to this exception, if the exception be made. Let the commissions taken in this cause be opened, and published in the clerk's office.